UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60178-CIV-MARRA

IN RE:
"ORDER TO SHOW CAUSE WHY SOCIAL
SECURITY ADMINISTRATION SHOULD
NOT BE HELD IN CONTEMPT FOR FAILURE
TO COMPLY WITH THIS COURT'S ORDER
DATED OCTOBER 19, 2006"

and

"ORDER TO SHOW CAUSE WHY SOCIAL
SECURITY ADMINISTRATION SHOULD
NOT BE HELD IN CONTEMPT FOR
FAILURE TO COMPLY WITH GUARDIAN'S
SUBPOENA DUCES TECUM DATED
NOVEMBER 13, 2006."

_____

**OPINION AND ORDER**

This cause is before the Court upon the United States' Motion for an Order Vacating the "Orders to Show Cause" entered by the State Court Judge on January 25, 2007 [DE 6]. No response to the motion has been filed.[1] The Court has carefully considered the motion, the court file, and is otherwise fully advised in the premises.

On February 14, 2007, the United States filed a Notice of Removal under 28 U.S.C. §§ 1441(a) and 1442(a)(1), seeking removal of a portion of a state civil case pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida that mandated the Social Security Administration to appear and show cause why it should not be held in contempt

---

[1] On May 21, 2007, the Court ordered Sue Skornia, representative payee for Lucille Gittens, to show cause no later than June 1, 2007 as to why the United States' Motion to Vacate should not be granted [DE 7].

of court. (Notice of Removal ¶¶ 1-3.)  This action arises out of the following facts:[2]

Lucille Gittens is the recipient of Social Security benefits from the Social Security Administration ("SSA"). She is a ward on whose behalf social security retirement benefits are paid to a Representative Payee due to her incapacity.  The petitioner in the state court probate case, Sue Skornia, at one time served as Representative Payee for Mrs. Gittens.  However, in 2006, the SSA received allegations of misuse of Mrs. Gitten's Social Security benefits by Skornia. The allegations were made by Keith Gittens, Mrs. Gitten's son, who is the person with whom Mrs. Gitten presently lives and has lived with in recent years.

In August 2006, following an investigation of the allegations of misuse of Social Security Benefits, the SSA terminated Skornia as Representative Payee and appointed Keith Gittens. Skornia did not administratively appeal the SSA's decision. Instead, Skornia filed a "Guardian's Ore Tenus Motion for Order Compelling Keith Gittens to Return Guardianship Assets," seeking, in part, reinstatement as Representative Payee. (Ex. 2, attached to Mot.)  On October 19, 2006, the state court issued an order "requiring the Social Security Administration [to] return the Representative Payee status of the above Ward to said Ward's legal guardian, Sue Skornia." (Ex. 3, attached to Mot.)  When the SSA did not comply with the state court order, Skornia filed a pleading captioned "Guardian's Petition for Order to Show Cause Why the SSA Should not be Held in Contempt for Failing to Comply with the Court Order dated October 19, 2006." (Ex. 4, attached to Mot.)

Soon thereafter, on November 13, 2006, Skonia's attorney issued a Guardian's Subpoena Duces Tecum on November 13, 2006, commanding the SSA, in particular, Brad Teachey, to

---

[2] These facts, which are not disputed, are set forth in the United States' Motion to Vacate.

provide her with any and all documents in the possession of the SSA pertaining to Lucille and Keith Gittens. (Ex. 6, attached to Mot.) The SSA produced the requested documents pursuant to Federal Regulations, but not pursuant to the state court subpoena. On December 16, 2006, Skornia filed a "Petition for Order to Show Cause to why the SSA should not be held in contempt of court for non-compliance with a subpoena issued on November 13, 2006." (Ex. 5, attached to Mot.)

On January 25, 2007, the state court entered two separate orders to show cause why the SSA should not be held in contempt for failure to comply with the state court order dated October 19, 2006 and the Guardian's Subpoena Duces Tecum dated November 13, 2006. (Ex. 7 and 8, attached to Mot.) Both of the state court orders to show cause contain language stating that "failure to appear may result in the issuance of a writ of bodily attachment to the office manager of the Sunrise, Florida office of the SSA located in Broward County, Florida." (Ex. 7 and 8.)

The United States argues that it is immune from state judicial process under the doctrine of sovereign immunity and that the state court orders, seeking to compel a federal officer to act in a way contrary to the regulations of SSA, violate the Supremacy Clause of the United States Constitution. After careful review, the Court concludes that the United States is correct, and the state court orders to show cause shall be vacated.

The Court begins by noting that this action was removed pursuant to 28 U.S.C. § 1442(a)(1) which provides:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).

This statute provides federal officers and the federal government with the protection of a federal forum to litigate defenses before a United States district court. Willingham v. Morgan, 395 U.S. 402, 406-07 (1969); State of Florida v. Cohen, 887 F.2d 1451, 1453-54 (11th Cir. 1989). Clearly, the assertion of the defense of sovereign immunity is appropriate here, as that doctrine "encompasses all actions brought against the United States, including those against federal officers and actors, in which the relief 'sought would expend itself on the public treasury or domain, or interfere with the public administration . . . or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.'" United States v. Kaufman, 980 F. Supp. 1247, 1250 (S.D. Fla. 1997) citing Dugan v. Rank, 372 U.S. 609 (1963).  When a litigant seeks to obtain documents from a non-party federal government agency in state court, the federal government is shielded by sovereign immunity,[3] thereby preventing the state court from enforcing a subpoena. See Houston Business Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1211-12 (D.C. Cir. 1996).  Since "a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." See id. citing Louisiana v. Sparks, 978 F.2d 226, 234-36 (5th Cir. 1992); see also Edwards, 43 F.3d at 315; Boron Oil v. Downie, 873 F.2d 67, 70 (4th Cir. 1989). Hence, under the

---

[3] Waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Edwards v. United States Dep't of Justice, 43 F.3d 312, 317 (7th Cir. 1994).

doctrine of sovereign immunity, the state court orders must be vacated.[4]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) The United States' Motion for an Order Vacating the "Orders to Show Cause" Entered by the State Court Judge on January 25, 2007 [DE 6] is **GRANTED**. The "Orders to Show Cause" issued by the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida on January 25, 2007 and attached to the United States' Motion to Vacate as Exhibits 7 and 8 are **VACATED**. This matter is hereby **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida for further proceedings consistent with this order.

2) The Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of July 2007.

_____
KENNETH A. MARRA
United States District Judge

---

[4] The Court notes that the Supremacy Clause of the United States Constitution would also bar a state court from ordering production of documents from a federal officer, if such production would violate the duty the officer owes in the performance of his or her job. See Bosaw v National Treasury Employees' Union, 887 F. Supp. 1199, 1217 (S.D. Ind. 1995); cf. Kaufman, 980 F. Supp. at 1251 (subpoena issued by state court judge against federal judge on behalf of state bar investigative committee violated Supremacy Clause of the United States Constitution); Maddox v. Williams, 855 F. Supp. 406, 413-14 (D.D.C. 1994) (basing rejection of argument that a Kentucky state court could require members of a United States Congressional committee to furnish documents in their possession to a party to a civil state law suit in Kentucky state court on the Supremacy Clause of the United States Constitution.) Here, each of the state court orders seeks to compel a federal agency or official to act in some way that the agency or official is not obligated to act. See 20 C.F.R. § 403.100 (prohibiting SSA employees from providing testimony, or making any disclosures or comments about official matters, absent the express authorization of the Commissioner).

Copies to:

All counsel of record